IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILBERT ROGERS JR.,

    Petitioner,                    No. CIV S-03-2638 MCE DAD P

  vs.

TOM CAREY,[1] Warden,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus attacking a judgment of conviction entered in the Sacramento County Superior Court in 2001. On February 3, 2005, respondent's motion to dismiss the petition was granted with leave to file an amended petition containing only exhausted claims, together with a motion to hold the amended petition in abeyance. Petitioner has filed an amended petition and a motion to hold these proceedings in abeyance.

        Respondent opposes petitioner's motion and has filed a counter-motion to dismiss the amended petition as a mixed petition containing two unexhausted claims. Petitioner has filed opposition to respondent's second motion to dismiss.

---

[1] Petitioner has been transferred to Solano State Prison and requests that Tom Carey, warden of that institution, be substituted as respondent. The request is granted.

1

RESPONDENT'S SECOND MOTION TO DISMISS

The claims at issue in the second motion to dismiss concern ineffective assistance of appellate counsel. In the habeas petition that was dismissed on February 3, 2005, petitioner alleged as his sixth ground for relief that he

> suffered constitutional ineffective assistance of counsel on appeal in counsel's failure to raise petitioner's written requested arguments of violations of his constitutional rights. U.S.C.A. Amends. Sixth, Fourteenth.

(Pet. filed Dec. 8, 2003, at 10.) The supporting facts offered by petitioner describe no instance of ineffective assistance of appellate counsel other than failure to raise all arguments requested by petitioner. (Id.)

In the findings and recommendations that were adopted on February 3, 2005, the undersigned found that petitioner presented this claim to the California Supreme Court in a state habeas petition filed November 27, 2002. (Findings & Recommendations filed Nov. 30, 2004, at 6-7, citing Resp't's First Mot. to Dismiss, Ex. C.) The claim as asserted in the state habeas petition is as follows:

> Appellate Counsel 'FAILURE TO PREVENT [sic] RELEVANT' and 'REQUEST ISSUES TO COURT OF APPEAL', those intailed [sic] in the "NATURE OF APPEAL" and 'RELEVANT CONSTITUTIONAL ISSUES' "requested by Petitioner", and THEREFORE, denied Petitioner his "Substantive and Procedural Right" to 'Due Process and Equal Protection of Laws, mainly his right to "EFFECTIVE ASSISTANCE OF COUNSEL THROUGH APPEAL PROCESS".

(Resp't's First Mot. to Dismiss, Ex. C at 3.) The supporting facts presented to the California Supreme Court describe no instance of ineffective assistance of appellate counsel other than failure to raise all arguments requested by petitioner. The undersigned determined that "the only claim presented to the California Supreme Court in petitioner's first habeas petition corresponds to and served to exhaust only ground 6 of petitioner's federal habeas petition." (Findings & Recommendations filed Nov. 30, 2004, at 6.)

In the amended petition now before this court, petitioner alleges his second ground for relief as follows:

> II. PETITIONER'S SIXTH AMENDMENT RIGHTS WERE VIOLATED BY INEFFECTIVE ASSISTANCE OF COUNSEL.
>
> A. Appellate counsel refused to raise issues on direct appeal which were requested by Petitioner and were errors of a Constitutional magnitude.
>
> B. Appellate counsel failed to raise the same issues in the Calif. Supreme Court that were raised in the Appellate Court which violated Petitioner's Constitutional Rights.
>
> C. Appellate counsel refused to release Petitioner's complete record and case file which hindered Petitioner's appeal pursuits.

(Am. Pet. filed Feb. 24, 2005, Attach. at i & 8-12.)

In opposition to respondent's motion to dismiss the amended petition, petitioner asserts that all claims in his amended petition have been exhausted and that he is in full compliance with the district court's order. Petitioner does not cite any state habeas petition containing grounds for relief similar, much less identical, to the claims alleged as II.B. and II.C. in his amended federal petition. Petitioner merely refers to "countless other pleadings to the State Supreme Court putting the Court on notice of the conflict petitioner was having with the Appellate Attorney" and complains that the California Supreme Court "denied every paper and pleading filed to the Court and refused to review the sentence, without Opinion." (Pet'r's Opp'n to Resp't's Second Mot. to Dismiss at 3.) Petitioner also claims he put the California Supreme Court on notice of the transcript issue when he filed a state habeas petition in which he mentioned "the late transcripts by attorney" in response to the state's citation to In re Swain. (Id.) Petitioner argues that the mere allegation of new facts in support of his claim of ineffective assistance of appellate counsel does not render the claim unexhausted. (Id. at 4.)

The undersigned previously informed petitioner that a state prisoner satisfies the federal exhaustion requirement by fairly presenting to the state's highest court all of his federal claims before he presents them to a federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995)

(per curiam); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996). A federal claim is fairly presented in state proceedings if the petitioner describes "both the operative facts and the federal legal theory on which his claim is based." Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir.), cert. denied, 538 U.S. 1042 (2003). See also Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994). "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982) (citation omitted). The petitioner must alert the state courts that a claim under the United States Constitution is being presented. Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000) (citing Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999)); see also Duncan, 513 U.S. at 365-66 ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."). A federal claim is unexhausted if it contains new factual allegations that fundamentally alter a claim already considered by the state courts. Vasquez v. Hillery, 474 U.S. 254, 260 (1986).

      The record does not reflect that petitioner has exhausted his claims concerning appellate counsel's failure to raise issues in the California Supreme Court and refusal to release the record and case file to petitioner. It does not appear that petitioner properly presented such claims on direct review or in a habeas petition that set forth the operative facts together with the legal theory of ineffective assistance of appellate counsel. In particular, there is no evidence that petitioner alerted the state's highest court that his complaint of late transcripts constituted a claim that he received constitutionally defective assistance of counsel on appeal.

      The undersigned recommended that respondent's first motion to dismiss be granted "with leave to file an amended petition that contains the three previously exhausted claims, as described above, and the three newly exhausted claims." (Findings & Recommendations filed Nov. 30, 2004, at 7.) Although the findings and recommendations were adopted in full, petitioner has not filed an amended petition that contains the three previously

exhausted claims as described in the findings and recommendations. Petitioner has not complied with the district judge's order. In light of petitioner's pro se status, the undersigned will recommend that respondent's second motion to dismiss be granted in part and that the unexhausted claims be dismissed without leave to amend at this time.

## PETITIONER'S MOTION TO HOLD IN ABEYANCE

Respondent opposes petitioner's motion to hold the amended petition in abeyance on the ground that petitioner failed to follow the court's explicit directive to file and serve an amended petition that contains only exhausted claims.

The abeyance procedure is well established under Ninth Circuit authority. See Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) ("Our precedent unequivocally authorizes district courts to stay fully exhausted federal petitions pending exhaustion of other claims."); Calderon v. United States Dist. Court (Thomas), 144 F.3d 618, 620 (9th Cir. 1998) (endorsing "withdrawal-and-abeyance" procedure); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998) (recognizing trial court's authority to allow petitioner to amend a mixed petition to delete unexhausted claims and then hold the completely exhausted petition in abeyance pending exhaustion); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir. 1997) (recognizing that the district court has discretion to stay a fully exhausted petition); Fetterly v. Paskett, 997 F.2d 1295, 1301-02 (9th Cir. 1993) (holding that the district court abused its discretion in denying a capital habeas petitioner's motion to stay a petition containing only exhausted claims pending exhaustion of additional claims in state court).

In Rhines v. Weber, ___ U.S. ___, 125 S. Ct. 1528 (2005), the Supreme Court recently reconsidered the total exhaustion requirement of Rose v. Lundy, 455 U.S. 509 (1982), in light of the restrictions imposed on federal habeas petitions by the Antiterrorism and Effective Death Penalty Act of 1996. 125 S. Ct. at 1532-33. The Court affirmed that it is within the district court's discretion to stay a mixed petition to allow the petitioner to present the unexhausted claims to the state court and then return to federal court for review of the perfected

5

petition. 125 S. Ct. at 1535. The Court cautioned that the stay and abeyance procedure "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. Even where good cause is found, the district court must not grant a stay when the petitioner's unexhausted claims are "plainly meritless." Id. Nor should the district court grant a stay if the petitioner engages in abusive litigation tactics or intentional delay. Id. A mixed petition should not be stayed indefinitely, and the district court "should place reasonable time limits on a petitioner's trip to state court and back." Id.

      In the present case, respondent previously moved to dismiss most of petitioner's claims as unexhausted. Petitioner opposed the motion based on his belief that all of his claims had been presented to the California Supreme Court either on direct appeal or in one of the several habeas petitions he had filed, one of which was pending when petitioner filed this action. Petitioner objected to the findings and recommendations issued on November 30, 2004, but promptly filed an amended petition and motion for stay after the district judge adopted the findings and recommendations on February 3, 2005. Without waiting for the court's ruling on his motion to hold in abeyance, petitioner filed a state habeas petition raising unexhausted claims on April 5, 2005. (Pet'r's Notice of St. Ct. Filing of Unexhausted Claims filed Apr. 14, 2005.)

      The record reflects that petitioner is seeking a stay, not for any improper purpose, but because this court has determined that many of petitioner's claims were not fairly presented to the state's highest court and cannot be considered by any federal court until the claims have been so presented. The pro se petitioner appears to have good cause for his failure to exhaust all claims previously and does not appear to have failed to act with diligence. Cf. Taylor, 134 F.3d at 987 nn. 8 & 11 (failure to make a showing of diligence in pursuing additional claims may foreclose a stay).

      If petitioner obtains relief in state court, his federal petition may be rendered moot, thereby serving the interests of judicial economy as well as the interests of justice. The undersigned will therefore recommend that petitioner's unexhausted claims be dismissed and this

action be stayed, with appropriate limitations, while petitioner exhausts additional claims. Petitioner is cautioned that after he has exhausted all claims on which he wishes to proceed in federal court, he must comply with every requirement set forth in the district judge's final order. A second amended petition filed pursuant to that order may not include the claims alleged in the amended petition as II.B. and II.C. unless petitioner presents those claims to the California Supreme Court in a properly filed pleading.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondents' March 14, 2005 motion to dismiss amended federal petition for writ of habeas corpus be granted in part;

2. Claims II.B. and II.C. be dismissed from the amended petition filed February 24, 2005, without leave to amend at this time;

3. Petitioner's February 24, 2005 motion to hold in abeyance be granted;

4. Petitioner be ordered to present all unexhausted claims to the California Supreme Court in a further state habeas corpus petition to be filed within thirty days after this action is stayed by final order of the district judge, if all unexhausted claims were not included in the state habeas petition filed on April 5, 2005;

5. This action be stayed and the Clerk of the Court be directed to administratively close the case;

6. Petitioner be ordered to file and serve a status report in this case on the first court day of each month after the case is stayed; and

7. Petitioner be ordered to file and serve a motion to lift the stay of this action, along with a proposed second amended petition containing only exhausted claims, within thirty days after petitioner is served with the California Supreme Court's order disposing of the state exhaustion petition.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within

1  fifteen days after being served with these findings and recommendations, any party may file
2  written objections with the court and serve a copy on all parties.  A document containing
3  objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."
4  Any reply to objections shall be filed and served within ten days after service of the objections.
5  The parties are advised that failure to file objections within the specified time may, under certain
6  circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951
7  F.2d 1153 (9th Cir. 1991).
8  DATED: May 31, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
roge2638.mstay